Constance NEWMAN, Appellant–
Defendant,

v.

STATE of Indiana, Appellee–Plaintiff.

No. 49A04–9606–CR–248.

Court of Appeals of Indiana.

March 11, 1997.

Howard Howe, Indianapolis, for Appellant.

Pamela Carter, Attorney General, Preston W. Black, Deputy Attorney General, Indianapolis, for Appellee.

## OPINION

RILEY, Judge.

### STATEMENT OF THE CASE

Defendant–Appellant Constance Newman appeals following her conviction for battery

by body waste, a Class D felony[1]; prostitution a Class D felony[2]; and resisting law enforcement, a Class A misdemeanor[3].

We affirm.

## ISSUES

Newman presents two issues for our review, which we restate as follows:

1. Whether double jeopardy bars Newman's convictions for battery by body waste and resisting law enforcement.

2. Whether the State presented sufficient evidence to support Newman's conviction of battery by body waste.

## FACTS AND PROCEDURAL HISTORY

The facts most favorable to the verdict reveal that on September 25, 1995, thirty-year old Shakri Houran was driving his Pathfinder down Washington Street in Indianapolis when he saw Newman standing on the street. Houran stopped alongside Newman, and she asked him if he was "looking for a date." (R. 111). He responded that he was, and Newman got into his car. Newman directed Houran to a deserted alley near downtown. On the way, the two agreed that Newman would perform a sexual act with Houran in exchange for $20. Upon arriving in the alley, Newman performed the act, and Houran gave her a $20 bill. At the time, Newman knew and had known since June of 1993 that she was HIV-positive.

In the interim, Officer Kimberly Travis, an Indianapolis Police Department undercover vice officer, received a radio call that Constance Newman was seen standing on a street corner and then getting into a Nissan Pathfinder. Officer Travis was instructed to follow Houran's vehicle. Several undercover officers, including Officer Travis, located Houran's vehicle as he was driving Newman back to Washington Street. All of the cars in pursuit of Houran's vehicle were un-marked and all of the officers were undercover vice detectives in plain clothes. The officers made several unsuccessful attempts to stop Houran's vehicle. The officers identified themselves as police officers by flashing their badges. Eventually, a marked police car was summoned to pull in front of Houran's vehicle and physically preclude him from moving forward. At that time, the unmarked cars converged upon Houran's vehicle.

Houran was pulled from his vehicle and placed face-down on the ground.[4] Newman first locked herself inside the car and would not unlock the doors. Newman was immediately told that she was under arrest for prostitution. The police were familiar with Newman and her background. In particular, they were aware from prior contact with Newman that she had been diagnosed as HIV-positive. After Newman unlocked the car, she immediately began to protest her arrest and a physical struggle ensued. Newman became hysterical and was screaming, kicking, flailing her tear-covered face around and spitting in the direction of the officers. Her nose was running and she was covered with saliva and tears. The officers repeatedly warned her to turn her head away from them, but she refused. Eventually, the officers managed to restrain Newman in handcuffs.

Newman was charged in a two-part information with battery by body waste, a Class C felony; prostitution, a Class A misdemeanor; and resisting law enforcement, a Class A misdemeanor. In Part II of the information, Newman was charged with prostitution as a Class D felony due to two prior convictions of prostitution.[5] Following a bifurcated bench trial, the court found Newman guilty of battery as a lesser included Class D felony; prostitution as a Class D felony; and resisting law enforcement as a Class A misdemeanor. Newman was sentenced to three

1. Ind.Code 35–42–2–6(c).

2. Ind.Code 35–45–4–2.

3. Ind.Code 35–44–3–3(a)(1).

4. Houran was ultimately placed under arrest for reckless driving.

5. Ind.Code 35–45–4–2 provides in pertinent part that "[a] person who knowingly or intentionally ... performs, or offers or agrees to perform, sexual intercourse or deviate sexual conduct ... for money or other property commits prostitution, a Class A misdemeanor. However, the offense is [a] Class D felony if the person has two (2) prior convictions under this section."

years for battery by body waste, one year for resisting law enforcement and three years for prostitution. The prostitution sentence was ordered to be served consecutive to the battery by body waste charge, and the battery by body waste and resisting law enforcement sentences were ordered to be served concurrently. Hence, Newman was sentenced to an aggregate sentence of six years. She now appeals. Additional facts will be provided as necessary.

## DISCUSSION AND DECISION
### I. Double Jeopardy

■ Newman first contends that she was subjected to double jeopardy when she was convicted of battery by body waste and resisting law enforcement. Specifically, she argues that the evidence supporting these crimes arose from "the same set of operative facts." Appellant's Brief at 7. A defendant's right to not be put twice in jeopardy for the same offense arises from the United States Constitution and the Indiana Constitution. *State v. Hurst*, 674 N.E.2d 622, 624 (Ind.Ct. App.1996). Article I, section 14 of the Indiana Constitution provides that "[n]o person shall be put in jeopardy twice for the same offense." The Fifth Amendment to the Constitution of the United States provides that "nor shall any person be subject for the same offense to be twice put in jeopardy."

■ When an act or transaction violates two distinct statutory provisions, we engage in a two-part test. First, we must determine whether each provision requires proof of an additional fact which the other does not. Second, we must determine whether the two offenses are based on different factual allegations in the State's charging information. *Wright v. State*, 665 N.E.2d 2, 4 (Ind.Ct.App. 1996) (citing *Wethington v. State*, 560 N.E.2d 496, 506–07 (Ind.1990)). The statutory provision setting forth the elements of battery by body waste provides that

A person who knowingly or intentionally in a rude, insolent, or angry manner places blood or another body fluid or waste on a law enforcement officer or a corrections officer identified as such and while engaged in the performance of official duties or coerces another person to place blood or

another body fluid or waste on the law enforcement officer or corrections officer commits battery by body waste, a Class D felony.

Ind.Code 35–42–2–6(c). A person commits resisting law enforcement as a Class A misdemeanor when he "knowingly or intentionally ... forcibly resists, obstructs, or interferes with a law enforcement officer or a person assisting the officer while the officer is lawfully engaged in the execution of his duties as an officer." Ind.Code 35–44–3–3(a)(1). In this case, it is clear that each of the two charged offenses requires proof of an element which the other does not. Therefore, battery by body waste and resisting law enforcement are not the same for double jeopardy purposes.

■ However, double jeopardy analysis does not end with an evaluation and comparison of the statutory provisions. Rather, the factual bases alleged by the State in the information or indictment must also be examined. *Delahanty v. State*, 658 N.E.2d 660, 662 (Ind.Ct.App.1995). It is alleged in Count I of the information that

Constance M. Newman, on or about September 25, 1995, did knowingly in a rude, insolent, or angry manner place saliva on K. Travis, R. Henry, and V. Huber law enforcement officers with the Indianapolis Police Department while said officers were engaged in the performance of their official duties, and Constance M. Newman knew that she is infected with HIV[.]

(R. at 16). It is alleged in Count III of the information that

Constance M. Newman, on or about September 25, 1996, did knowingly forcibly resist officers K. Travis, R. Henry, and V. Huber law enforcement officers with the Indianapolis Police Department while said officers were engaged in the execution of their duties[.]

(R. 16–17).

Even though the two convictions indeed arise from the same operative circumstances, a separate factual basis for each charge is readily discernable from the record. The facts reveal that Newman engaged in separate and distinct conduct to support each of

the charged offenses. For example, she swung her head back and forth in an attempt to spray the officers with her tears, saliva and nasal secretions. She also repeatedly stated that she was not going to jail as she kicked, swung her arms and punched at the officers. Newman's convictions for both battery by body waste and resisting law enforcement do not violate double jeopardy.

## II. Sufficiency of the Evidence

Newman challenges the sufficiency of the evidence to support her conviction of battery by body waste, as a Class D felony. Essentially, she points to slight inconsistencies in the testimonies of the several police officers who participated in her arrest. In reviewing claims regarding the sufficiency of the evidence, we neither weigh the evidence nor judge the credibility of the witnesses. We consider the evidence favorable to the verdict and all reasonable inferences which can be drawn therefrom. If there is substantial evidence of probative value from which a trier of fact could find guilt beyond a reasonable doubt, we affirm the conviction. *Gant v. State,* 668 N.E.2d 254, 255 (Ind.1996).

Ind.Code 35–42–2–6(c) as set forth above defines battery by body waste as a Class D felony. Subsection (c) continues by providing that the offense is "a Class C felony if the person knew or recklessly failed to know that the person was infected with: (A) hepatitis B; (B) HIV; or (C) tuberculosis." Newman was charged with battery by body waste as a Class C felony; however, the trial judge entered conviction on the lesser included offense of battery by body waste as a Class D felony. The court reasoned that, because "it's medically impossible to transfer HIV and AIDS through spitting," he would not find a Class C felony. (R. 206). Although we disagree with the trial judge's interpretation of the statute, the State does not raise this issue, and therefore it is not before us.

As for the sufficiency of the evidence to support Newman's conviction as a Class D felony, we find that the evidence was sufficient. Indianapolis Police Department officers Kimberly Travis, Robert Henry, Kenneth Goff, and Vincent Huber each testified regarding the physical scuffle that transpired while attempting to place Newman under arrest. Particularly, officers Travis, Henry and Huber testified that Newman intentionally swung her head around causing saliva to land on the officers. This evidence alone is sufficient to support Newman's conviction of battery by body waste. Newman is correct in her assertion that there were some minor discrepancies in the testimonies of the several officers in this case; however, those inconsistencies were not material or relevant. In any event, the function of weighing witness credibility lies with the finder of fact, not this court. *Whited v. State,* 645 N.E.2d 1138, 1141 (Ind.Ct.App.1995).

## CONCLUSION

Based on the foregoing, Newman's convictions for battery by body waste and resisting law enforcement do not violate double jeopardy. Furthermore, the evidence is sufficient to support her conviction for battery by body waste.

Affirmed.

FRIEDLANDER and STATON, JJ., concur.