Joseph Merel LONG, Appellant–Defendant,

v.

STATE of Indiana, Appellee–Plaintiff.

No. 79A02–9811–CR–861.

Court of Appeals of Indiana.

Sept. 8, 1999.

Steven P. Meyer, Lafayette, Indiana, Attorney for Appellant.

Jeffrey A. Modisett, Attorney General of Indiana, Priscilla J. Fossum, Deputy Attorney General, Indianapolis, Indiana, Attorneys for Appellee.

## OPINION

RILEY, Judge

### STATEMENT OF THE CASE

Joseph M. Long (Long) appeals his conviction of nonsupport of a dependent child, a Class C felony[1]. Ind.Code § 35–46–1–5(a).

We affirm.

### ISSUE

Long raises one issue for our review which we restate as: whether the evidence is sufficient to convict him of nonsupport of his dependent child, as a Class C felony.

### FACTS AND PROCEDURAL HISTORY

Long and his wife Anna were divorced on January 30, 1991, with one son, Z., born to the marriage. Long was required to pay Anna support pursuant to a child support order.

On October 2, 1997, Long was charged with four counts of nonsupport of a dependent child. However, the only charge relevant to this appeal, Count I, as a Class C felony, was amended on June 16, 1998, alleging that the period of nonsupport ran from August 22, 1997 until October 1, 1997, and that the amount of unpaid support due and owing was at least $10,000.00.

On or about August, 1997, Long was aware that the State of Indiana filed a Notice to Intercept Tax Refund with the IRS against any of his Federal tax refunds to be applied to his support arrearage.

On May 28, 1998, Long received notice from the IRS that his 1996 tax refund of $538.00 had been applied to his support arrearage pursuant to the Intercept order. On June 9, 1998, the Tippecanoe County Clerk received $1,353.00 from the interception of Long's tax refund. This payment amounted to Long's 1996 tax refund of $538.00 in addition to his 1997 tax refund of $815.00.

On June 25, 1998, a jury trial was held on all counts and Long requested a directed verdict on Count I based upon the proposition that if he had been given credit for the tax interception payments in 1996 and 1997, when the amounts were withheld from his wages, his arrearage would be below $10,000.00. Long's motion was denied.

On July 30, 1998, Long was sentenced to four years on Count I, a Class C felony, two years on Count II, a Class D felony, to run consecutively with Count I, two years on Count III, a Class D felony, to run concurrently with Count II, and two years on Count IV to run concurrently with Count II, for a total of six years. The court suspended Long's sentence and placed him on supervised probation for six years. Long now appeals only Count I, nonsupport of a dependent child, a Class C felony.

### DISCUSSION AND DECISION

Long argues that the evidence was insufficient to support his conviction of nonsupport of a dependent child as a Class C felony. Specifically, Long contends that at

---

1. Long was charged with four counts of nonsupport of a dependent child: Count I, as a Class C felony, covered the time period from August 22, 1997 to October 1, 1997; Count II, as a Class D felony, covered the time period from October 1, 1996 to August 14, 1997; Count III, as a Class D felony, covered the time period from January 1, 1995 to October 31, 1995; and Count IV, as a Class D felony, covered the time period from August 1, 1994 to December 31, 1994. However, Long is appealing only to contest the sufficiency of Count I.

the time the money was withheld from his wages by the tax intercept order, he was constructively paying toward his support arrearage, and therefore, he was entitled to a credit toward his support arrearage. Essentially, Long equates the tax interception process of withholding tax reimbursement money to pay for a child support arrearage with an employer withholding income taxes. Therefore, Long claims that he should have been given credit toward his support arrearage at the time his taxes were withheld pursuant to the tax interception rather than when the tax interception payment was received, thereby reducing his support arrearage below $10,000.00.

 Our standard of review with regard to sufficiency claims is well settled. We neither weigh the evidence, nor judge the credibility of the witnesses, and we consider only the evidence favorable to the verdict and all reasonable inferences which can be drawn therefrom. If there is substantial evidence of probative value from which a trier of fact could find guilt beyond a reasonable doubt, we will affirm the conviction. *Newman v. State*, 677 N.E.2d 590, 593 (Ind.Ct.App.1997).

In order to convict Long of nonsupport of a dependent child, as a Class C felony, the State was required to prove that Long (1) knowingly or intentionally; (2) failed to provide support for Z. from August 22, 1997 to October 1, 1997; and (3) the amount of unpaid support due and owing during that time period was at least $10,000.00. Ind.Code § 35–46–1–5(a). Long only attacks the third provision of the statute, arguing that the amount of his unpaid support was less than $10,000.00 during the time period because he had made payments on his support obligation at the time his taxes were withheld from his wages (between August 22, 1997 and October 1, 1997) even though his payments were not forwarded to the County Clerk pursuant to the tax intercept order until June 9, 1998.

Long bases his argument on the proposition that the Internal Revenue Service (IRS) was a constructive trustee, withholding any tax refund due Long in order to forward this refund to the County Clerk. Long argues that custodial parents who receive child support payments act as constructive trustees and hold the funds for the benefit of the child, and when a County Clerk collects support payments, the clerk acts as a collection agent for the benefit of the child, holding the support payments in trust for the child. However, the State of Indiana intervened in the collection process by filing a Notice to Intercept Tax Refund with the IRS, authorizing the IRS to withhold any tax refund due Long and to forward the refund to the County Clerk in order to satisfy Long's child support arrearage. Therefore, Long attempts to draw an analogy between the IRS and a custodial parent or the County Clerk, as constructive trustees, by arguing that the IRS was holding funds for Z.'s benefit.

Long further claims that his employer and the IRS were obligated to hold any income tax overpayment in trust for Z., and since the money ceased to be his at the time of the withholding, he should have been credited for paying his child support obligation at the moment income taxes were withheld by his employer. Long bases this argument on the proposition that when an employer withholds wages for tax purposes, the employer is acting as a collection agent for the government and holds those funds in trust for the benefit of the government. Further, the payment of an employee's tax obligation occurs the moment his wages are withheld and the employee is credited for those payments in the taxable year in which the wages were withheld. Thus, Long claims that when he worked in 1996 and 1997, money was withheld from his wages by his employer and the moment this money was withheld, this money ceased be his, but rather, these withholdings were held in trust for the benefit of the government. Essentially, Long argues that once the withheld money was received by the County Clerk from the IRS, he should have been given credit

toward his support arrearage dating back to the time period in which his wages were withheld by his employer. Long asserts that he should have received credit toward his support arrearage during the time period he paid taxes which were to be applied to his support arrearage just as he receives credit in the taxable year in which his taxes were withheld.

■ However, the facts most favorable to the verdict reveal that the tax interception payment could not have affected Long's support arrearage during the relevant time period of August 22, 1997 until October 1, 1997. Nevertheless, the State concedes the fact that a tax interception would constitute support and that once the tax interception payment was received by the County Clerk, Long's arrearage was reduced below $10,000.00. Furthermore, Angela Davis (Davis), an investigator with the Tippecanoe County Prosecutor's Office, Child Support Division, testified that the County does not credit payments toward a support arrearage until the money is actually received. Specifically, Davis testified that the county cannot give credit for a tax interception until the State gives the county authority to do so. Therefore, if the IRS determines that an individual is not entitled to a tax refund, no tax interception can be made, and the county would not receive a tax interception payment to be applied toward that individual's support arrearage. In this case, Long's Exhibit C, dated May 25, 1998, is his notice from the IRS that his 1996 tax refund was intercepted to be applied to his support arrearage. Further, the county did not receive payment from the tax interception until June 9, 1998. Thus, the county could not count on the receipt of payment until June 9, 1998, in order to apply that payment toward Long's support arrearage.

### CONCLUSION

We conclude that the evidence was sufficient to show that from August 22, 1997 to October 1, 1997, Long knowingly or intentionally failed to provide support for Z.

and the amount of unpaid support due and owing during that time period was at least $10,000.00 because Long could not receive credit for his support payment until payment was received by the county.

Affirmed.

SULLIVAN, J., and MATTINGLY, J., concur.