Eric **REYBURN**, Appellant–Defendant,

v.

**STATE of Indiana, Appellee–Plaintiff.**

No. 34A02–0004–CR–263.

Court of Appeals of Indiana.

Nov. 6, 2000.

Mark A. Dabrowski, Kokomo, Indiana, Attorney for Appellant.

Karen M. Freeman–Wilson, Attorney General of Indiana, Robin Hodapp–Gillman, Deputy Attorney General, Indianapolis, Indiana, Attorneys for Appellee.

## OPINION

HOFFMAN, Senior Judge

Defendant–Appellant Eric Reyburn (Reyburn) appeals his conviction of two counts of child molesting, Class A felonies, Ind.Code § 35–42–4–3.

We affirm.

Reyburn presents one issue for our review which we restate as: whether the State presented evidence sufficient to sustain Reyburn's convictions.

In July 1998, while his sister went to Wal–Mart, twenty-eight year-old Reyburn stayed at his sister's house with his twelve-year-old niece, K.I., and his six-year-old nephew. During his sister's absence, Reyburn, while his nephew was playing outside, engaged in sexual intercourse with his niece, K.I. At another time, Reyburn engaged in sexual deviate conduct with his other niece, ten-year-old A.I. Based upon these incidents, Reyburn was charged and convicted of two counts of child molesting. This appeal ensued.

Reyburn contends that the State failed to present sufficient evidence to sustain his conviction. Specifically, Reyburn claims that K.I. and A.I. presented testimony that was incredibly dubious.

■ Our standard of review with regard to sufficiency claims is well settled. We neither weigh the evidence nor judge the credibility of the witnesses, and we consider only the evidence favorable to the verdict and all reasonable inferences that can be drawn therefrom. *Newman v. State,* 677 N.E.2d 590, 593 (Ind.Ct.App. 1997). If there is substantial evidence of probative value from which a trier of fact could find guilt beyond a reasonable doubt, we will affirm the conviction. *Id.* A conviction for child molesting may rest solely upon the uncorroborated testimony of the victim. *Turner v. State,* 720 N.E.2d 440, 447 (Ind.Ct.App.1999). Further, we are mindful that the trier of fact is entitled to determine which version of the incident to credit. *Barton v. State,* 490 N.E.2d 317, 318 (Ind.1986), *reh'g denied.*

In order to obtain a conviction for the molestation of K.I., the State must prove beyond a reasonable doubt that (1) Reyburn (2) who is at least twenty-one years of age (2) performed or submitted to sexual intercourse (3) with a child under fourteen years of age. Ind.Code § 35–42–4–3. Here, the record discloses that in July 1998, twenty-eight year-old Reyburn stayed at his sister's house with K.I., his twelve-year-old niece, and his six-year-old nephew while Reyburn's sister went to Wal–Mart. K.I. testified that while her mother was gone and her brother was playing outside, Reyburn engaged in sexual intercourse with K.I. in the living room of the house. Two doctors that had examined K.I. also testified. One of the doctors testified that K.I.'s hymen was not intact, and a second doctor testified that K.I.'s hymen was torn due to trauma from molestation, most likely sexual intercourse.

■ First, we note that Reyburn's reliance on the rule of incredible dubiosity is misplaced. As we stated, this Court will not judge witness credibility. *Newman,* 677 N.E.2d at 593. However, an exception to the rule exists when a witness' testimony is inherently improbable such that the witness presents inherently contradictory testimony which is equivocal or the result of coercion, and there is a complete lack of circumstantial evidence. *Spurlock v. State,* 718 N.E.2d 773, 777 (Ind.Ct.App. 1999), *trans. denied,* 726 N.E.2d 315.

■ Reyburn argues that because K.I. originally told the police that the incident with her uncle had occurred on the couch and then later at trial stated that the incident had originated on the couch and concluded on the floor, her testimony is incredibly dubious. Additionally, Reyburn claims that because K.I. testified at trial, but had not previously told the police, that Reyburn had locked the door of the house while the molestation occurred, and because K.I. told the police that her father was the first person that she told about the incident and then later testified at trial that her sister, A.I., was the first person she told, K.I.'s testimony is incredibly dubious.

■ We disagree. First, the rule of incredible dubiosity concerns testimony, not statements made outside of trial or the courtroom. Therefore, because K.I. failed to specifically inform the police that the act of molestation began on the couch and then concluded on the floor, is of no moment. However, we note that K.I. told the police, and testified unequivocally at trial, that the incident occurred in the living room. Similarly, K.I.'s failure to inform the police that Reyburn locked the door of the house while the molestation occurred does not constitute inherently contradictory testimony. Moreover, rather than contradicting her earlier report, K.I.'s testimony at trial expanded upon her account to the police concerning the molestation. When cross-examined about failing to report this detail to the police, K.I. testified that she had not told the police because they simply had not asked.

Likewise, K.I.'s statement to the police that her father was the first person she had told about the molestation is not a statement we consider for purposes of invoking the rule of incredible dubiosity. As

we have stated, the rule involves in-court statements only. K.I. testified at trial that she told her sister, A.I., about the molestation a day before she informed her father of the incident because A.I. had said something had happened to her, as well. Thus, Reyburn has failed to point to any part of K.I.'s testimony at trial that was inherently contradictory. Moreover, our review of the record reveals that K.I. testified unequivocally that Reyburn molested her by engaging her in sexual intercourse. *Compare Sisson v. State,* 710 N.E.2d 203 (Ind. Ct.App.1999), *trans. denied,* 726 N.E.2d 298 (witness' testimony was found to be incredibly dubious when on direct examination witness testified regarding defendant's involvement in burglaries and then recanted testimony on cross-examination). Furthermore, K.I.'s testimony was corroborated by that of the two doctors who testified that K.I.'s hymen was not intact and that her hymen was torn due to the trauma of molestation, specifically intercourse.

Finally, Reyburn also appears to argue that K.I.'s testimony was incredibly dubious because (1) K.I. was only twelve and Reyburn was twenty-eight at the time of the incident and K.I. testified that people could see into the room from outside; (2) K.I. told her parents about the molestation after she had run away from home with a young boy; and (3) K.I. told the police that Reyburn indicated to her that he was going to "squirt" inside her, that she told Reyburn that she did not want him to insert his penis because she would become pregnant but told police that she didn't know what "squirting" meant. However, Reyburn presents no further argument with regard to these statements. He presents no testimony that contradicts these statements, and our review reveals none, and he fails to explain why they constitute testimony that is inherently contradictory or coerced. Therefore, we cannot say that K.I.'s testimony was incredibly dubious.

■ The jury, having heard K.I.'s testimony and having had the opportunity to determine the credibility of the witnesses, found Reyburn guilty of molesting K.I. On appeal, Reyburn is merely inviting this Court to invade the province of the jury by reweighing the evidence and reassessing witness credibility. We must decline this invitation. As for the broader question of sufficiency, we again note that a conviction for child molesting may rest solely upon the uncorroborated testimony of the victim, *Turner,* 720 N.E.2d at 447; although, in the present case we are presented with K.I.'s testimony as well as that of the two doctors. The evidence is sufficient to support the conviction.

■ We now turn to Reyburn's conviction for molesting A.I. In order to obtain a conviction for the molestation of A.I., the State must prove beyond a reasonable doubt that (1) Reyburn (2) who is at least twenty-one years of age (2) performed or submitted to deviate sexual conduct (3) with a child under fourteen years of age. Ind.Code § 35–42–4–3. As the basis for his appeal with regard to his conviction of molesting A.I., Reyburn mentions, in a single sentence in his brief, that A.I. testified via her videotaped statement that she had returned to her uncle's home three times following the incident even though she had, at some other unidentified time, indicated to someone that she never went back to her uncle's home following the molestation. However, Reyburn presents no more than this bald assertion without any case citations or argument as to how A.I.'s statements make her testimony concerning Reyburn's act of deviate sexual conduct incredibly dubious. Thus, we need not address this issue. *See Armstead v. State,* 538 N.E.2d 943, 945 (Ind. 1989) (failure to make cogent argument supported by authority waives the issue); Ind. Appellate Rule 8.3(A)(7). Moreover, we would direct Reyburn's attention to our discussion regarding K.I. wherein we stated that the rule of incredible dubiosity concerns testimony, not statements made outside of trial or the courtroom.

Based upon the foregoing, we conclude that the evidence presented by the State was sufficient to support Reyburn's convictions of child molesting beyond a reasonable doubt.

Affirmed.

BARNES and MATHIAS, JJ., concur.