THOMAS MARK GOTT, Appellant-Defendant,
v.
STATE OF INDIANA, Appellee-Plaintiff.
No. 53A01-0601-CR-42
Court of Appeals of Indiana.
December 15, 2006.
PATRICIA CARESS McMATH, Indianapolis, Indiana, ATTORNEYFOR APPELLANT.
STEVE CARTER, Attorney General of Indiana, GARY DAMON SECREST, Deputy Attorney General, Indianapolis, Indiana, ATTORNEYS FOR APPELLEE.

MEMORANDUM DECISION
MATHIAS, Judge.
Thomas Gott ("Gott") was convicted in Monroe Circuit Court of two counts of Class A felony dealing cocaine.[1] On a belated appeal, he raises two issues:
I. Whether the evidence is sufficient to support his conviction; and
II. Whether his sentence is appropriate in light of the nature of the offense and the character of the offender.
We affirm.

Facts and Procedural History
In October 2002, Kalib McPike ("McPike") contacted the State Police to become a confidential informant. He said he had bought cocaine from Gott in the past. The State Police put him in contact with Detective Dave Hannum ("Detective Hannum") of the Indiana University Police Department. On October 3, 2002, Detective Hannum searched McPike for contraband before driving McPike to Gott's residence to buy cocaine. Gott told McPike that he would receive a larger amount of cocaine later that night and that McPike could either call him later or Gott would hold some for him for the next day. Tr. p. 218.
The following day, Detective Hannum supervised a controlled buy. After Detective Hannum searched McPike, he gave him five hundred dollars and a digital recorder, and then drove him to Gott's residence. McPike entered the residence, and after five minutes he exited through the front door with Gott. From his parked car, Detective Hannum witnessed a meeting between McPike and Gott on the front porch of the residence. A few minutes later, McPike returned to Detective Hannum's vehicle and handed him two plastic bags of cocaine, which he said he had bought from Gott for five hundred dollars. Combined, the bags contained 6.73 grams of cocaine.
On October 10, 2002, Detective Hannum supervised a second controlled buy. Once again, he searched McPike, gave him five hundred dollars and a digital recorder, and drove him to Gott's residence. He watched McPike enter Gott's residence. After about ten minutes, McPike returned and gave him the change from the transaction, which was two hundred and fifty dollars, and one bag of cocaine weighing 2.86 grams. Although McPike said he had seen more cocaine in the kitchen of Gott's residence, Gott told him that he could not sell this to McPike as it was promised to other people.
On October 16, 2002, Detective Hannum supervised yet a third controlled buy, during which he followed the same procedure. This time, McPike purchased 1.36 grams of cocaine for two hundred dollars. During this buy, Gott told McPike that he could get an ounce of cocaine for fourteen hundred dollars if McPike wanted to purchase that much.
A fourth controlled buy took place on October 18, 2002. After McPike entered Gott's home, Gott told him to wait there while he went to pick up cocaine from his friend, "Nick." Gott told McPike that Nick had very good quality cocaine as he cut it with ether. McPike came out to Detective Hannum's vehicle and told him that Gott would be leaving to pick up more cocaine. Gott left in his vehicle. McPike then went back into Gott's house and waited with Gott's family members, including several young children, for Gott to return. Soon after Gott returned, McPike purchased cocaine worth five hundred and fifty dollars and then came back out to the vehicle. He handed Detective Hannum a bag containing 6.19 grams of cocaine.
A SWAT team entered Gott's home and arrested him on December 16, 2002. The police found a twenty-five-caliber pistol and $541 in cash on his person. The State charged Gott with two counts of Class A felony dealing in cocaine and two counts of Class B felony dealing in cocaine. The trial court conducted a jury trial on May 11 and 12, 2004, and the jury convicted Gott of two Class A felony counts of dealing in cocaine. The jury was unable to reach a verdict on the other two counts. On June 24, 2004, the trial court sentenced Gott to twenty-four years on each count with four years to be suspended on each. The trial court ordered the sentences to run concurrently.
On December 22, 2005, Gott filed an amended petition for permission to file a belated notice of appeal, which was granted on December 29, 2005. Additional facts will be provided as necessary.

I. Sufficiency of the Evidence
On appeal, Gott contends there was insufficient evidence presented at trial to support his conviction. In reviewing a sufficiency of the evidence claim, we neither reweigh the evidence nor assess the credibility of the witnesses. Love v. State, 761 N.E.2d 806, 810 (Ind. 2002). We must respect the jury's exclusive province to weigh conflicting evidence. McHenry v. State, 820 N.E.2d 124, 126 (Ind. 2005). On review, we look to the evidence most favorable to the verdict and reasonable inferences drawn therefrom. Id. We will affirm the conviction if there is probative evidence from which a reasonable jury could have found the defendant guilty beyond a reasonable doubt. Id.
In his brief, Gott repeats his testimony that he was merely present in his home while others were dealing cocaine. He further maintains that McPike had "powerful reasons" for lying to the police and agreeing to cooperate in return for help with his own legal problems. In essence, Gott asks us to reweigh the evidence and to reassess the credibility of McPike's testimony, which we may not do. The trier of fact is entitled to determine which version of the incident to credit. Reyburn v. State, 737 N.E.2d 1169, 1171 (Ind. Ct. App. 2000) (citation omitted).
The uncorroborated testimony of one witness is enough to sustain a conviction. Wray v. State, 547 N.E.2d 1062, 1068 (Ind. 1989) (citation omitted). McPike testified that he directly bought the cocaine from Gott for each of the four controlled buys. While the recordings of these controlled buys were somewhat garbled, Detective Hannum corroborated McPike's testimony by testifying to witnessing McPike enter Gott's personal residence four times and return with cocaine each time. He also testified as to watching McPike and Gott talking outside on the front porch during the first controlled transaction on October 4, 2002. The detective's testimony is consistent with McPike's testimony that on October 4th, "[t]he deal took place outside on the porch." Tr. p. 293. Therefore, we conclude Detective Hannum and McPike's testimony is more than sufficient evidence to sustain the jury's conviction.
Furthermore, we note that Gott's admission to opening up his home and allowing friends and neighbors to deal cocaine from his residence to support his own drug habit implicates him as an accessory. He was not merely present during these transactions, but he encouraged this drug trafficking in his residence, which from the record appears to have taken place on a daily basis, as he benefited from receiving cocaine for his help in facilitating the transactions. A person is liable for a criminal act if he knowingly or intentionally aids, induces, or causes another person to commit an offense. Hopper v. State, 539 N.E.2d 944, 947 (Ind. Ct. App. 1989). "Any evidence that the accomplice acted in concert with other persons who actually committed the acts constituting the elements of the crime is sufficient to support a conviction on the accessory theory." Id. (citing Ind. Code § 35-41-2-4 (2004)). Clearly, there is overwhelming evidence of Gott's complicity in others' cocaine transactions.

II. Appropriate Sentence
Gott further contends that his sentence is inappropriate. Gott was convicted of two A felonies, for which the minimum sentence is twenty years each. Ind. Code § 35-50-2-4 (2004). The trial court determined that the mitigating factors outweighed the aggravating factors and sentenced him to twenty-four years on each count with four years suspended on each count. The trial court also ordered that the sentence be served concurrently.
Appellate courts have the constitutional authority to revise a sentence if, after consideration of the trial court's decision, the court concludes the sentence is inappropriate in light of the nature of the offense and character of the offender. Ind. Appellate Rule 7(B) (2006); Marshall v. State, 832 N.E.2d 615, 624 (Ind. Ct. App. 2005), trans. denied.
As to the nature of the offense, we find it significant that the State presented evidence of four controlled buys, during which McPike bought a total of 17.14 grams of cocaine from Gott. We also find it significant that Gott conducted these transactions at his personal residence while his children were there. Gott admits that he "ran a party house. Friends and neighbors would hang out there to play pool, drink, and use cocaine." Br. of Appellant at 5. People would come over to his house several times a week to sell or buy cocaine and also to use cocaine. Tr. p. 330. His house became a neighborhood hub for cocaine trafficking. Yet, the transcript repeatedly mentions children being in the house while McPike was there buying cocaine. Though the recorded conversations of the transactions were somewhat muffled, Detective Hannum testified that he could distinctly hear children's voices on the recordings of the controlled buys. Id. at 328.
Concerning the character of the offender, we find it relevant that after charges for this case were filed and Gott was released on his own recognizance, subsequent charges were filed against him for three alleged cocaine deals that took place in June of 2003. Id. at 454. The State also filed charges against him for domestic battery and intimidation. Id. It is clear to this court that Gott has continued to refuse to accept responsibility for his actions in promoting the trafficking of cocaine, reiterating his argument on appeal that he merely provided a forum for the drug transactions. In light of the nature of the offense and the character of the offender, we conclude that Gott's executed sentence of twenty years, the minimum sentence allowed for a Class A felony, is appropriate.

Conclusion
We conclude that Gott's conviction is supported by sufficient evidence, and that Gott's minimum sentence of twenty years executed for two Class A felonies is appropriate in light of the nature of the offense and the character of the offender.
Affirmed.
KIRSCH, C. J., and SHARPNACK, J., concur.
NOTES
[1] Ind. Code § 35-48-4-1 (2004 & Supp. 2006).