## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Dec 05 2016, 8:38 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Barbara J. Simmons
Oldenburg, Indiana

ATTORNEYS FOR APPELLEE

Gregory F. Zoeller
Attorney General of Indiana

Caryn N. Szyper
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Jerry D. Thompson, <br> *Appellant-Defendant,* <br><br> v. <br><br> State of Indiana, <br> *Appellee-Plaintiff.* | December 5, 2016 <br><br> Court of Appeals Case No. <br> 49A02-1602-CR-400 <br><br> Appeal from the Marion Superior Court. <br> The Honorable Christina R. Klineman, Judge. <br> Cause No. 49G17-1601-CM-48 |

**Friedlander, Senior Judge**

[1] Jerry D. Thompson appeals his conviction of battery resulting in bodily injury, a Class A misdemeanor.[1] We affirm.

[2] The sole issue Thompson presents for our review is whether the State presented sufficient evidence to support his conviction.

[3] On December 31, 2015, Thompson engaged in a verbal argument and physical altercation with his former girlfriend, A.L. Based upon this incident, Thompson was charged with domestic battery[2] and battery resulting in bodily injury, both as Class A misdemeanors. A bench trial was held on the charges, and Thompson was found guilty of battery resulting in bodily injury. He was sentenced to 365 days suspended to probation. This appeal followed.

[4] Thompson contends that the evidence is insufficient to support his conviction because A.L.'s testimony is incredibly dubious. When we review a challenge to the sufficiency of the evidence, we neither reweigh the evidence nor judge the credibility of the witnesses. *Sandleben v. State*, 29 N.E.3d 126 (Ind. Ct. App. 2015), *trans. denied*. Instead, we consider only the evidence most favorable to the verdict and any reasonable inferences drawn therefrom. *Id.* If there is substantial evidence of probative value from which a reasonable fact-finder

---

[1] Ind. Code § 35-42-2-1(b)(1), (c) (2014).

[2] Ind. Code § 35-42-2-1.3(a) (2014).

could have found the defendant guilty beyond a reasonable doubt, the judgment will not be disturbed. *Labarr v. State*, 36 N.E.3d 501 (Ind. Ct. App. 2015).

[5] Yet, appellate courts may apply the incredible dubiosity rule to impinge upon a jury's function to judge the credibility of a witness when confronted with inherently improbable testimony or coerced, equivocal, wholly uncorroborated testimony of incredible dubiosity. *Whatley v. State*, 908 N.E.2d 276 (Ind. Ct. App. 2009), *trans. denied*. Application of this rule is rare and is limited to cases where a single witness presents inherently contradictory testimony which is equivocal or the result of coercion and there is a complete lack of circumstantial evidence of guilt. *Id.* The standard to be applied for this rule is whether the testimony is so incredibly dubious or inherently improbable that no reasonable person could believe it. *Fancher v. State*, 918 N.E.2d 16 (Ind. Ct. App. 2009).

[6] At trial, A.L. testified that she did not remember why Thompson was at her apartment on December 31, 2015, but that she and Thompson engaged in a verbal argument and physical altercation in which Thompson hit her in the head and pulled her hair, causing her pain. She stated that bruising appeared within a few days. A.L. summarized the event, stating, "I just know that he, we, got into an altercation and he just, got to hitting me for, I don't know why, but that's all I remember." Tr. pp. 37-38.

[7] The responding police officer testified that when she arrived, A.L. was at the door, and Thompson was located at the entrance to the apartment complex. The officer noticed that A.L.'s hair "was messed up" but saw no physical

injuries. *Id.* at 43. On cross-examination, defense counsel asked the officer about the injuries A.L. reported to the officer the night of the incident. The officer responded that A.L. reported being pushed in the chest and pulled by the hair but that she did not mention being hit in the head.

[8] Under the umbrella of incredibly dubious testimony, Thompson asserts that A.L.'s testimony is improbable, uncorroborated and inconsistent. We address each contention in turn. First, Thompson claims that A.L.'s version of the events is "highly questionable" and "implausible" because, as he stated at trial, A.L. had previously called the police and/or his parole officer to report him and that this time she was jealous about him possibly seeing another woman. Appellant's Br. pp. 12-13. A.L. testified unequivocally at trial that Thompson hit her in the head and pulled her hair. This is merely an invitation by Thompson for this Court to invade the province of the trier of fact by reassessing witness credibility. It is within the factfinder's province to judge the credibility of the witnesses. *Brasher v. State*, 746 N.E.2d 71 (Ind. 2001). In doing so, the trier of fact is entitled to determine which version of the incident to credit. *Schmid v. State*, 804 N.E.2d 174 (Ind. Ct. App. 2004), *trans. denied*. We decline Thompson's invitation.

[9] Thompson also argues that A.L.'s testimony is incredibly dubious because it is uncorroborated. A.L. testified unambiguously that Thompson hit her in the head and pulled her hair, thereby causing her pain. She further testified that she had bruises within a few days of the incident. Although the police officer testified that she saw no physical injuries, she did notice that A.L.'s hair was

messed up. "A conviction may be sustained on the uncorroborated testimony of a single witness or victim." *Baltimore v. State*, 878 N.E.2d 253, 258 (Ind. Ct. App. 2007), *trans. denied*. Again, this argument is nothing more than a request for this Court to re-evaluate witness credibility. The judge, as factfinder, heard the testimony and made her credibility determinations which we will not disturb. *See Brasher*, 746 N.E.2d 71.

[10] Finally, Thompson asserts that A.L.'s testimony is inconsistent with her statement to the police officer the night of the incident. A.L. testified that Thompson hit her in the head and pulled her hair. The police officer testified that A.L. reported to her only that Thompson had pushed A.L. in the chest and pulled her hair. The rule of incredible dubiosity concerns courtroom testimony, not statements made outside of trial or the courtroom. *Reyburn v. State*, 737 N.E.2d 1169 (Ind. Ct. App. 2000); *see also Holeton v. State*, 853 N.E.2d 539 (Ind. Ct. App. 2006) (holding that discrepancies between victim's statements to police and trial testimony go to weight of testimony and witness credibility and do not render testimony inherently contradictory). Thus, we cannot say that A.L.'s testimony is so incredibly dubious or inherently improbable that no reasonable person could believe it.

[11] In light of the foregoing, we affirm the judgment of the trial court.

[12] Judgment affirmed.

Vaidik, C.J., and Mathias, J., concur.