### Paul BRASHER, Appellant (Defendant below),

v.

### STATE of Indiana, Appellee (Plaintiff below).

No. 49S00–9909–CR–460.

Supreme Court of Indiana.

April 24, 2001.

Timothy J. Miller, Indianapolis, IN, Attorney for Appellant.

Jeffrey A. Modisett, Attorney General of Indiana, Priscilla J. Fossum, Deputy Attorney General Indianapolis, IN, Attorneys for Appellee.

SULLIVAN, Justice.

Defendant Paul Brasher was convicted of murder and robbery for shooting his friend and taking his money and pager. We find that the State presented sufficient evidence for a jury to convict the defendant of murder.

## Background

The facts most favorable to the verdict indicate that on May 6, 1998, Defendant Paul Brasher gathered with three of his friends, Adrian Coleman, Johnny Simpson, and the victim, Dwayne Blackmon, at Defendant's grandmother's house. Defendant showed off two guns to the others. Blackmon also had a gun. Defendant, Coleman, and Blackmon decided to go to a nearby park to shoot the guns. At the park, Defendant shot Blackmon in the back of the head. He then took some money and a pager out of Blackmon's pocket.

The State charged Defendant with Murder[1], Felony Murder[2], and Robbery, a Class A felony.[3] A jury found Defendant guilty of all three counts. The trial court merged the two counts of murder and sentenced Defendant to concurrent sentences of 55 years for the murder and 40 years for the robbery.

## Discussion

Defendant contends that the evidence was insufficient to convict him of murder. Appellant's Br. at 7. Defendant also argues that the conviction rested on only one eyewitness, Coleman, and that his testimony was "incredibl[y] dubious" and "equivocal." *Id.* at 10.

In reviewing a sufficiency of the evidence claim, the Court neither reweighs the evidence nor assesses the credibility of the witnesses. *See Garland v. State,* 719 N.E.2d 1236, 1238 (Ind.1999). We look to the evidence most favorable to the verdict and reasonable inferences drawn therefrom. *Sanders v. State,* 704 N.E.2d 119, 123 (Ind.1999). We will affirm the conviction if there is probative evidence from which a reasonable jury could have found the defendant guilty beyond a reasonable doubt. *See Brown v. State,* 720 N.E.2d 1157, 1158 (Ind.1999).

Simpson and Coleman both testified that Defendant had two guns and Blackmon had one gun. Simpson and Coleman also testified that Defendant, Blackmon, and Coleman were going to go to Solomon Park to shoot guns. Coleman testified that at the park, Defendant asked Blackmon if he could see his gun, whereupon Blackmon gave his gun to Defendant and Defendant gave it to Coleman to hold. Coleman further testified that Defendant pulled out his own gun and pointed it at Blackmon and told Blackmon to turn around. According to Coleman, Defendant shot Blackmon in the back of the head. Coleman testified that, at Defendant's direction, he helped Defendant put Blackmon's body in a nearby stream.

It is well established that the testimony of a single eye witness is sufficient to sustain a conviction. *Emerson v. State,* 724 N.E.2d 605, 609–10 (Ind.2000), rehearing denied; *Anderson v. State,* 469 N.E.2d 1166, 1169 (Ind.1984), *cert. denied,* 469 U.S. 1226, 105 S.Ct. 1220, 84 L.Ed.2d 361 (1985). There was an eye witness-Cole-

---

1. Ind.Code § 35–42–1–1 (1993).

2. *Id.*

3. *Id.* § 35–42–5–1.

man-testifying to the shooting, and the location and physical evidence were consistent with his story; the State presented evidence that Blackmon was killed by a gunshot to the back of the head. Blackmon's body was found in the stream near the location Coleman testified that Brasher shot Blackmon. There was sufficient evidence from which a reasonable jury could find the defendant guilty beyond a reasonable doubt.

Defendant argues that Coleman's testimony should be disregarded. Defendant cites *Tillman v. State*, 642 N.E.2d 221, 223 (Ind.1994), for the proposition that the judge may " 'impinge on the jury's responsibility to judge the credibility of the witness' " where a " 'sole witness presents inherently contradictory testimony which is equivocal or the result of coercion and there is a complete lack of circumstantial evidence of the appellant's guilt.' " Appellant's Br. at 10. (citing *Tillman* 642 N.E.2d at 223.)

Though most of the State's case rests on the testimony of Coleman, there is no evidence that his testimony is contradictory or equivocal. None of Coleman's facts conflict, and his testimony is consistent with the story he told to other witnesses and the police.[4] As stated above, the location of the body and the nature of the wound in the victim are consistent with Coleman's testimony.

 Reduced to its essentials, Defendant's argument is that Coleman's testimony was not credible because he had a motive to lie. However, it is within the jury's province to judge the credibility of the witnesses. *See Garland*, 719 N.E.2d

at 1238. Defendant had the opportunity to make this argument to the jury, and did in fact question Coleman's credibility during the trial. Based on the testimony of Coleman, other witnesses, and the weight of the physical evidence, the jury found Defendant guilty beyond a reasonable doubt.

*Conclusion*

We affirm the judgment of the trial court.

SHEPARD, C.J., and DICKSON, BOEHM, and RUCKER, JJ., concur.

---

4. Lauren Wadsworth testified that on the night of the shooting, Coleman told her that Defendant had shot Blackmon. Wadsworth also testified that she convinced Coleman to tell his mother and then an attorney. Simpson testified that on the day after the shooting, Coleman told him that Defendant shot Blackmon. Both Wadsworth and Simpson's account of what Coleman told each of them is consistent with Coleman's testimony.