**Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



ATTORNEY FOR APPELLANT:

**PHYLLIS J. EMERICK**
Monroe County Public Defender
Bloomington, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**JAMES B. MARTIN**
**LYUBOV GORE**
Deputies Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

NATOSHA L. STILLIONS,       )
                            )
    Appellant-Defendant,    )
                            )
      vs.                 )    No. 53A01-1311-CR-508
                            )
STATE OF INDIANA,           )
                            )
    Appellee-Plaintiff.     )

APPEAL FROM THE MONROE CIRCUIT COURT
The Honorable Teresa D. Harper, Judge
Cause No. 53C09-1112-FD-1248

**July 30, 2014**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**SHARPNACK, Senior Judge**

## STATEMENT OF THE CASE

Natosha Stillions appeals her conviction of theft, as a Class A misdemeanor. Ind. Code § 35-43-4-2 (2009).

We affirm.

## ISSUES

Stillions presents two issues for our review, which we restate as:

I.    Whether there was sufficient evidence to support her conviction of theft.

II.   Whether the trial court abused its discretion by including abstinence from alcohol as a condition of her probation.

## FACTS AND PROCEDURAL HISTORY

In December 2011, Stillions was working at Kmart in the electronics department. On December 20, 2011, a Kmart claims clerk informed Colin Newcomb, Kmart's loss prevention manager, that she had found an empty android tablet box in the bin reserved for damaged products. Upon receiving this information, Newcomb reviewed the store's video surveillance tapes from the day before. The video surveillance from December 19 showed Stillions removing the tablet from the locked glass case in the electronics department, examining it, and placing it in different areas of the department. That same day, Newcomb interviewed Stillions about the missing tablet, and Stillions admitted to taking it.

Based upon this incident, Stillions was charged with theft, as a Class D felony. At trial, Stillions recanted the admission she had made during her interview with Newcomb. She testified that she lied during the interview and that she had not stolen anything from Kmart. The jury convicted Stillions of theft, and the trial court entered the conviction as a

2

Class A misdemeanor and sentenced her to 360 days with all but time served suspended to probation. Stillions now appeals.

## DISCUSSION AND DECISION

### I. SUFFICIENCY OF THE EVIDENCE

Stillions first contends that the State failed to present evidence sufficient to support her conviction of theft. She argues that other than her recanted statement there is no evidence of her taking the tablet from the store without paying.

When reviewing claims of insufficiency of the evidence, this Court neither reweighs the evidence nor assesses the credibility of the witnesses. *Brasher v. State*, 746 N.E.2d 71, 72 (Ind. 2001). Rather, we look to the evidence most favorable to the verdict and any reasonable inferences drawn therefrom. *Id.* We will affirm the conviction if there is probative evidence from which a reasonable jury could have found the defendant guilty beyond a reasonable doubt. *Id.*

In order to obtain a conviction of theft in this case, the State must have proved beyond a reasonable doubt that (1) Stillions (2) knowingly or intentionally (3) exerted unauthorized control over (4) property (5) of Kmart (6) with the intent to deprive Kmart of any part of its value or use. *See* Ind. Code § 35-43-4-2(a).

The evidence at trial disclosed that on the morning of December 19, 2011, Newcomb conducted an inventory of the locked glass case in the electronics department. The locked case contains high value/high theft electronics items, such as internet tablets, and Newcomb performs an inventory of this case two times each week. On the morning of December 20, 2011, the claims clerk informed Newcomb that she had found an empty

3

android tablet box in the bin reserved for damaged products. Newcomb testified that everything had been accounted for when he had done inventory the day before, so he began his investigation by reviewing the store's video surveillance from the day before, commencing with the time period following completion of the inventory. Newcomb testified that on the video he saw Stillions remove the tablet from the locked case, look at it, deactivate the security tag known as the EAS ("electronic article surveillance") with the pad by the register, and then place it underneath the register. He stated there was "absolutely no reason" to deactivate the EAS tag unless the clerk was selling the item to a customer. Tr. p. 23. Several times Stillions took the tablet out from underneath the register, took it out of the box, and looked at it. She again placed it under the register when customers or other employees entered the area. Finally, Stillions removed the tablet from under the register, took it behind the layaway counter, and placed it under the register there. She returned to the electronics area and then went back into layaway and removed the tablet from under the register. She then took the tablet into the layaway lock up area where there are no surveillance cameras. She returned into view of the cameras with the tablet box in her hand and walked in the direction of the bin in which the empty tablet box was found.

Newcomb also testified that the video showed Stillions go to layaway with a DVD, swipe the DVD on the EAS, and then go into the break room with the DVD. When Stillions returned from the break room, she no longer had the DVD.

Upon watching the surveillance video, Newcomb, with Fonda White the personnel manager, interviewed Stillions. After explaining his job responsibilities, Newcomb asked Stillions when she was last dishonest with Kmart. Stillions responded that she had taken

4

some things. Newcomb testified, "I can't remember what she admitted first, but she admitted some stuff, and we talked and then she wrote a list for me of what she'd taken from the store." *Id.* at 34. The list of items includes the android tablet, an MP3 player, two DVDs, a CD, and a cell phone.

Newcomb then had Stillions fill out a statement form, and he testified that he did not tell her what to write on the form. The bottom of the form contains this statement: "The above statement is the truth to the best of my knowledge. I have made the above statement of my own free will and accord without any promise of immunity or reward and without any force or duress." Appellant's App. p. 9. Newcomb testified that, with regard to this statement on the form, his customary practice is to have the person read the statement out loud, then he reads it back to them and reviews each part of it with them. If the person agrees that the statement is true, Newcomb has the person initial next to the statement and sign the bottom of the page. Stillions testified that this was the process Newcomb followed with her and that she initialed and signed the statement.

Stillions testified on her own behalf at trial. She denied taking the tablet and testified that she had removed it from the locked case to show to a customer when she noticed that the screen was damaged. She testified that she put it back in the locked case because she did not know what to do with it. She then removed it from the locked case to check the price for any discount due to the damage. She stated that because of the damage, she put the tablet under the register rather than putting it back in the case and that eventually she put the tablet in the bin for damaged products.

5

In her statement, Stillions had written, "Circumstances in my life have at times caused me to do things I would normally not do." *Id.* at 8. At trial, she testified that Newcomb suggested she write this. In addition, she admitted lying in her statement, and, when asked why the jury should believe her trial testimony denying any wrongdoing, she responded that she was scared when Newcomb interviewed her and that she was "not lying now." Tr. p. 99. Stillions also testified that she paid Kmart for the missing items prior to trial.

With regard to her interview with Newcomb, Stillions stated that Newcomb began listing things that were missing and told her to write down the items he listed. Stillions further testified that she initially denied taking anything but that she later admitted to the theft because Newcomb told her that if she admitted to taking the items and agreed to reimburse the store, she would be able to keep her job. She also stated that she deactivated the DVD because she was filling an online order.

The evidence presented at trial is sufficient to sustain Stillions' conviction. Although she recanted her admission at trial, it is within the jury's province to judge the credibility of the witnesses, *Brasher*, 746 N.E.2d at 73, and therefore to determine which version of the incident to credit. *Barton v. State*, 490 N.E.2d 317, 318 (Ind. 1986). Stillions' appeal is merely an invitation for us to reweigh the evidence and assess the credibility of the witnesses, which we cannot do. *See Brasher*, 746 N.E.2d at 72.

## II. CONDITION OF PROBATION

Stillions' second allegation of error concerns the condition of her probation requiring that she abstain from the consumption of alcohol when there was no evidence that her offense involved alcohol or that alcohol is an issue in her life.

Probation is a criminal sanction wherein a convicted defendant specifically agrees to accept conditions upon her behavior in lieu of imprisonment. *Carswell v. State*, 721 N.E.2d 1255, 1258 (Ind. Ct. App. 1999). Trial courts enjoy broad discretion in determining the appropriate conditions of a defendant's probation. *Hevner v. State*, 919 N.E.2d 109, 113 (Ind. 2010). This discretion is limited only by the principle that the conditions imposed must be reasonably related to the treatment of the defendant and the protection of the public. *Stott v. State*, 822 N.E.2d 176, 179–80 (Ind. Ct. App. 2005), *trans. denied*. Accordingly, our review is limited to determining whether the conditions placed on the defendant are reasonably related to attaining these goals. *Carswell*, 721 N.E.2d at 1258.

The condition of probation at issue in the present case states:

> You shall not consume alcohol and shall not consume, inhale or inject controlled substances unless prescribed to you for valid medical reasons by a properly licensed healthcare provider. You shall submit to drug/alcohol tests at your own expense at the request of the Probation Department or treatment providers or when otherwise directed.

Appellant's App. p. 10. At sentencing, the court stated that abstention from alcohol and controlled substances is a standard term of probation. The court also indicated its concern regarding Stillions' health problems and lack of employment.

During preparation of her presentence investigation report, Stillions explained to the probation officer that she has been diagnosed with vasovagal syncope and sinus

tachycardia for which she is prescribed atenolol and valium. Moreover, she specifically noted to the probation officer that alcohol is contraindicated by her medical conditions. Further, Stillions reported that she was not currently employed, she was receiving food stamps, and she had amassed an unknown amount of debt.

The propensity of alcohol to impair judgment and reduce inhibition is known. *Carswell*, 721 N.E.2d at 1265. Besides these general effects of alcohol, Stillions' medications create additional health concerns for her should she consume alcohol. Therefore, the general need to protect the public as well as the specific need to assist Stillions in staying healthy and finding employment makes this condition of probation a reasonable one in this case. *See id.* (determining that, although there was nothing in record to suggest any relationship between his behavior and use of alcohol, abstention from use of alcohol was reasonable condition of probation for convicted child molester in order to protect children and assist him in his rehabilitation).

## CONCLUSION

For the reasons stated, we conclude that there was sufficient evidence to sustain Stillions' conviction of theft and that the trial court did not abuse its discretion by including abstention from the use of alcohol as a condition of Stillions' probation.

Affirmed.

FRIEDLANDER, J., and MATHIAS, J., concur.