**Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



ATTORNEY FOR APPELLANT:

**JANE H. CONLEY**
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**LYUBOV GORE**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| SHAWNEE WILSON, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 49A05-1401-CR-13 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE MARION SUPERIOR COURT
The Honorable Helen Marchal, Judge
Cause No. 49G16-1307-FD-45785

**September 4, 2014**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**DARDEN, Senior Judge**

STATEMENT OF THE CASE

Shawnee Wilson appeals her conviction of two counts of neglect of a dependent, as Class D felonies. Ind. Code § 35-46-1-4 (2013).

We affirm.

ISSUE

Wilson presents one issue for our review, which we restate as: whether the evidence is sufficient to support her convictions.

FACTS AND PROCEDURAL HISTORY

In July 2013, Wilson and her seven-month-old twins were staying in an apartment belonging to Anita Matthews. One night, Wilson left the twins sleeping alone in the apartment while she went to a nearby apartment to see a friend. Matthews returned home to find the twins in the apartment by themselves. Matthews called 911, and officers responded to the apartment. Wilson later returned to the apartment and was arrested.

Based upon this incident, Wilson was charged with two counts of neglect of a dependent. Following a bench trial, she was found guilty as charged and was sentenced to 545 days of probation for each count, to run concurrently, all of which was to be served consecutively to a term of probation she was ordered to serve in Hamilton County. Wilson now appeals.

DISCUSSION AND DECISION

Wilson contends that the evidence is insufficient to support her conviction of two counts of neglect of a dependent. When reviewing claims of insufficiency of the evidence,

2

this Court neither reweighs the evidence nor assesses the credibility of the witnesses. *Brasher v. State*, 746 N.E.2d 71, 72 (Ind. 2001). Rather, we look to the evidence most favorable to the judgment and any reasonable inferences drawn therefrom. *Id.* We will affirm the conviction if there is probative evidence from which a reasonable factfinder could have found the defendant guilty beyond a reasonable doubt. *Id.*

In order to prove neglect of a dependent, the State was required to show beyond a reasonable doubt that Wilson, having the care of dependents, J.W.1 and J.W.2, whether assumed voluntarily or because of a legal obligation, knowingly or intentionally placed J.W.1 and J.W.2 in a situation that endangered the life or health of J.W.1 and J.W.2. *See* Ind. Code § 35-46-1-4(a)(1). Specifically, the information alleged that Wilson placed the twins in a situation that endangered their life or health by leaving them unsupervised.

In challenging the sufficiency of the evidence, Wilson argues that the State failed to prove that she knowingly left her children in a dangerous situation. Under the child neglect statute, a person acts "knowingly" if she is subjectively aware of a high probability that she placed the dependent in a dangerous situation. *Villagrana v. State*, 954 N.E.2d 466, 468 (Ind. Ct. App. 2011). In most cases, such a finding requires the factfinder to infer the defendant's mental state; therefore, this Court must look to all the surrounding circumstances of a case to determine if a finding of guilt is proper. *Id.*

Here, the State presented evidence that Wilson left her seven-month-old twins alone in an apartment. Matthews testified that she left the apartment at 8:00 a.m. and returned home some time between 11:30 and 11:45 p.m. When she arrived home, no one was in the apartment except the twins, so she called 911. One baby was asleep on a blanket on the

3

floor with items such as baby powder, lotion, toys, perfume, and tampons nearby. She testified that both children were able to crawl. Approximately one hour after Matthews called the police, Wilson returned to the apartment.

Wilson testified on her own behalf at trial. She stated that the twins fell asleep at approximately 11:15 p.m. The seventeen-year-old boy who was in town with his family visiting Matthews was sitting at the table, and she told him she was "about to run across the street real fast." Tr. p. 31. Wilson testified that he responded, "Okay." *Id.* She stated that the boy's name begins with the letter J and is hard to pronounce. She also said he had visited the previous January, and he had watched the twins before. Wilson further testified that she left to go to another building in the apartment complex to obtain repayment of a loan from a friend. She stated that her friend had cooked dinner, so she stayed to eat and then returned to Matthews' apartment approximately one hour and ten minutes later.

On rebuttal, Matthews testified that the boy's name is Shane, that he last visited five years ago, and that he had not watched the twins before. In addition, Matthews stated that the boy and his family had gone out to dinner that evening and had returned to her apartment five minutes after the police arrived.

Wilson's version of the events is contradicted by Matthews' testimony. It is within the province of the factfinder to judge the credibility of the witnesses, *Brasher*, 746 N.E.2d at 73, and therefore to determine which version of the incident to credit. *Barton v. State*, 490 N.E.2d 317, 318 (Ind. 1986). Given the evidence in this case, it was reasonable for the factfinder to conclude that Wilson was not being truthful about the teenage boy's presence in the apartment when she left to visit her friend and that she knowingly placed

4

her twins in a situation that endangered their life or health by leaving them unsupervised for over one hour late at night within reach of items that could be hazardous to them.

Wilson also argues that the State failed to establish that the twins were exposed to an "actual and appreciable" danger. For purposes of the neglect of a dependent statute, our Supreme Court has determined that the danger must be "actual and appreciable." *State v. Downey*, 476 N.E.2d 121, 123 (Ind. 1985). To be exposed to actual and appreciable danger means to be exposed to "some risk of physical or mental harm that goes substantially beyond the normal risk of bumps, bruises, or even worse that accompany the activities of the average child." *Gross v. State*, 817 N.E.2d 306, 309 (Ind. Ct. App. 2004).

In this case, Wilson left seven-month-old twins sleeping late at night in an apartment shared by several people. Both twins were able to crawl. One of the twins was in the crib with a blanket, and the other twin was sleeping on a blanket on the floor with numerous toiletry items nearby. Both twins were at risk of getting twisted in their blankets, and, amounting to an even greater danger, the twin sleeping on the floor was at risk of ingesting and/or choking on the toiletry items that were left nearby on the floor. In addition to these dangers is the actual and appreciable danger inherent to infancy of being unable to respond to whatever harm may befall them by escaping the situation or calling for help.

Wilson argues that the State failed to meet its burden of showing actual and appreciable danger because the twins were found sleeping unharmed and undisturbed. However, the purpose of the neglect statute is to authorize intervention "to prevent harmful consequences and injury to dependents without having to wait for actual loss of life or limb." *Id.* By leaving the infant children unsupervised in this case, Wilson placed the

5

twins in actual and appreciable danger. Wilson's claims to the contrary are merely an invitation for us to reweigh the evidence and assess the credibility of the witnesses, which we cannot do. *See Brasher*, 746 N.E.2d at 72.

CONCLUSION

For the reasons stated, we conclude there was sufficient evidence to sustain Wilson's conviction of two counts of neglect of a dependent.

Affirmed.

FRIEDLANDER, J., and MAY, J., concur.