## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Mar 05 2015, 6:52 am

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT

Timothy J. Burns
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE

Gregory F. Zoeller
Attorney General of Indiana

Richard C. Webster
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Devonne Clayborne,

*Appellant-Defendant,*

v.

State of Indiana,

*Appellee-Plaintiff*

March 5, 2015

Court of Appeals Case No.
49A02-1407-CR-508

Appeal from the Marion Superior Court

The Honorable Amy Jones, Judge

Case No. 49F08-0201-CM-7877

**Mathias, Judge.**

[1] Devonne Clayborne ("Clayborne") was convicted in Marion Superior Court of Class A Misdemeanor Battery. On appeal, Clayborne claims that the evidence was insufficient to rebut his claim of self-defense, and he claims that the testimony of the State's witness should be disregarded as incredibly dubious.

We affirm.

## Facts and Procedural History

On January 12, 2002, an altercation occurred at the apartment of Clayborne's father at 2129 Shelburne Road, Indianapolis, Indiana. When Clayborne arrived, Clayborne's father was arguing with the victim, James Bralock ("Bralock"), over gas money. Clayborne grabbed a whiskey bottle to use as a weapon against Bralock in case of a physical altercation. Bralock left the apartment and returned to his car. Clayborne followed Bralock out of the apartment to ensure that he was leaving the premises. Bralock entered his car to leave. Clayborne then threw the whiskey bottle at Bralock. The bottle shattered the driver's side window and struck Bralock on the hand. Bralock was injured from the bottle and shattered glass.

As a result, the State charged Clayborne with Class A Misdemeanor Battery. On the date he was charged, Clayborne was living out of state. Clayborne failed to appear for his trial, and an arrest warrant was issued. Twelve years later, Clayborne was arrested during a traffic stop in Indiana. On June 26, 2014, a bench trial was held. Only two witnesses were at trial. Bralock, the victim, was the State's sole witness. Clayborne was the sole witness in his own defense.

Clayborne testified that he acted in self-defense, and he raised this as an affirmative defense. According to Clayborne, Bralock continued making threats after leaving the apartment and going to his car. He testified that Bralock was

armed with a knife and that Bralock collided with a pillar of the building when he was driving away.

For his part, Bralock was unable to recall many facts of the case. Bralock could not recall what Clayborne said during the altercation, whether his car struck anything as he left, or whether he was armed with a knife.

However, Bralock testified that Clayborne threw the whiskey bottle at him. Specifically, Bralock testified that he left the apartment and entered his car. According to Bralock, Clayborne followed him out of the building and threw the bottle through his car window. Tr. p. 8.

Based on the testimony from these two witnesses, the trial court found that Clayborne did not act in self-defense. Clayborne was convicted of Class A Misdemeanor Battery. His sentence was suspended to probation. Clayborne now appeals.

## Discussion and Decision

Clayborne appeals his conviction on two grounds. First, Clayborne claims the evidence was insufficient to rebut his claim of self-defense. Second, he claims that the testimony of the State's witness is incredibly dubious and should be disregarded.

Clayborne admits that he battered Bralock, but he argues that his actions were justified as self-defense. Therefore, the evidence under scrutiny is only that which relates to the trial court rejecting Clayborne's self-defense claim.

## Self-Defense

When appealing a conviction on the grounds of sufficiency of evidence, "appellate courts must affirm if the probative evidence and reasonable inferences drawn from the evidence could have allowed a reasonable trier of fact to find the defendant guilty beyond a reasonable doubt." *McHenry v. State*, 820 N.E.2d 124, 126 (Ind. 2005). The appellate court "does not reweigh the evidence or judge the credibility of the witnesses[.]" *Id.*

Because Clayborne raised a self-defense claim, the State had the burden of disproving at least one of the necessary elements by rebutting the defense directly or relying on the sufficiency of evidence in its case. *Ballard v. State*, 808 N.E.2d 729, 732 (Ind. Ct. App. 2004). The necessary elements of self-defense are that the defendant (1) was in place where he had a right to be; (2) did not provoke, instigate, or participate willingly in the violence; and (3) had a reasonable fear of death or great bodily harm. *Id.*

In reviewing sufficiency of evidence appeals, appellate courts look to the evidence most favorable to the verdict or, in the case of a bench trial, the judgment. *See Brasher v. State*, 746 N.E.2d 71, 72 (Ind. 2001). In this case, the evidence most favorable to the judgment is the testimony of Bralock. Bralock left the apartment and was in his car when Clayborne threw the bottle at him. The trial court found that when Bralock went to his car, the threat ended, and Clayborne no longer had a reasonable fear of death or great bodily harm.

[14] Under these facts and circumstances, the trial court reasonably found that Clayborne's actions were not justified as self-defense and that he was, therefore, guilty beyond a reasonable doubt.

## Incredible Dubiosity Rule

[15] Regarding a sufficiency of evidence claim, appellate courts consider only "the probative evidence and reasonable inferences supporting the judgment, without weighing evidence or assessing witness credibility[.]" *Fajardo v. State*, 859 N.E.2d 1201, 1208 (Ind. 2007). However, we may apply the "incredible dubiosity" rule "to impinge upon a jury's function to judge the credibility of a witness." *Id.*

[16] "If a sole witness presents inherently improbable testimony and there is a complete lack of circumstantial evidence, a defendant's conviction may be reversed. This is appropriate only where the court has confronted inherently improbable testimony or coerced, equivocal, wholly uncorroborated testimony of incredible dubiosity." *Id.* This rule is rarely applied, and the standard is "whether the testimony is so incredibly dubious or inherently improbable that no reasonable person could believe it." *Id.*

[17] The trial court convicted Clayborne based on its comparison of both witnesses' testimonies. The trial court was somewhat skeptical of Bralock's inability to recall certain facts: "I do find it quite interesting that during [Bralock's] testimony there are certain things that he cannot recall. . . . So I did have some concerns regarding his credibility in his testimony." Tr. p. 27. However, the

court then stated that Clayborne's testimony corroborated Bralock's: "However, [] I then heard [Clayborne's] testimony and [he] was able to quite frankly [] corroborate those elements . . . .  I don't believe that self-defense is a viable defense under these circumstances." Tr. pp. 27–28.

[18] Under these facts and circumstances, a reasonable fact-finder, in this case the trial judge, could disbelieve Clayborne's claim of self-defense. We conclude that Bralock's testimony was not incredibly dubious.

[19] Sufficient evidence exists in this case to support Clayborne's Class A Misdemeanor Battery conviction.

[20] Affirmed.


Najam, J., and Bradford, J., concur.