## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Dec 07 2018, 9:25 am

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Donald J. Berger
South Bend, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Justin F. Roebel
Supervising Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Quentin Weatherspoon,<br>*Appellant-Defendant,*<br><br>v.<br><br>State of Indiana,<br>*Appellee-Plaintiff.* | December 7, 2018<br><br>Court of Appeals Case No.<br>18A-CR-1060<br><br>Appeal from the St. Joseph Superior Court<br><br>The Honorable Steven L. Hostetler, Judge<br><br>The Honorable Keith C. Doi, Magistrate<br><br>Trial Court Cause No.<br>71D03-1705-CM-2246 |

**Friedlander, Senior Judge.**

[1] Quentin Weatherspoon appeals his conviction of battery, a Class B misdemeanor.[1] We affirm.

[2] The sole issue Weatherspoon presents for our review is whether the State presented sufficient evidence to support his conviction.

[3] On April 18, 2017, Weatherspoon physically assaulted his former girlfriend, Charleta Matthews. Based upon this incident, Weatherspoon was charged with battery. He was found guilty at a bench trial and sentenced to 120 days, all suspended, and one year of probation. He now appeals his conviction.

[4] When we review a challenge to the sufficiency of the evidence, we neither reweigh the evidence nor judge the credibility of the witnesses. *Sandleben v. State*, 29 N.E.3d 126 (Ind. Ct. App. 2015), *trans. denied*. Instead, we consider only the evidence most favorable to the verdict and any reasonable inferences drawn therefrom. *Id.* If there is substantial evidence of probative value from which a reasonable fact-finder could have found the defendant guilty beyond a reasonable doubt, the judgment will not be disturbed. *Labarr v. State*, 36 N.E.3d 501 (Ind. Ct. App. 2015).

[5] In order to convict Weatherspoon of battery, the State must have proved beyond a reasonable doubt that he (1) knowingly (2) touched Matthews (3) in a rude, insolent, or angry manner. *See* Appellant's App. Vol. 2, p. 4; Ind. Code §

---

[1] Ind. Code § 35-42-2-1 (2016).

35-42-2-1(c)(1). In this appeal, Weatherspoon challenges the second element concerning a touching.

[6] At trial, Matthews testified that she parked her car in the parking lot of her apartment complex upon returning from work and sat in her car finishing a phone call. Weatherspoon pulled in and parked his car next to Matthews' car. Weatherspoon exited his car and approached Matthews' car, waving his arms. Matthews partially rolled down her window, at which point Weatherspoon reached into her car and took her phone. Matthews testified that Weatherspoon "got really mad" and "started saying bad things" when he saw, on the screen of Matthews' phone, to whom she was talking. Tr. p. 5. Weatherspoon threw Matthews' phone, which landed on the floor of the front passenger seat. Matthews testified that after she reached down to get her phone, Weatherspoon began calling her names and then punched her in the face. As Weatherspoon ran off, Matthews called him a "coward." *Id.* at 6. Weatherspoon then returned and kicked Matthews' car. Matthews testified that one of her contact lenses was knocked out of her eye, and she sustained a cut and facial pain.

[7] The responding police officer testified that he arrived on scene within three minutes of receiving the call. He observed redness on the left side of Matthews' face near her eye and marks on her wrist. He testified that Matthews identified Weatherspoon as the person who caused her injuries. The officer also observed a boot print on the lower part of the window and the top portion of the door of Matthews' car.

[8] Weatherspoon testified on his own behalf that he "pulled up to talk to [Matthews]" "holding [his] heart." *Id.* at 17. He approached Matthews' car and, seeing that she was on the phone, waited. He testified that she rolled the window down, and he reached into the car to end her phone call so that they could discuss their personal matters. When he reached into the car, Matthews "came at [him], and [he] pushed her off." *Id.* at 18. He further stated that he made the boot print on the car in trying to pull away from her. He testified that he had scratches on his head and neck and that he did not know how Matthews' arms got scratched because he "never touched her arms." *Id.* Weatherspoon described Matthews as the aggressor and testified that she "was coming at" him. *Id.* He stated he never punched her, and the altercation ended when she rolled up her window and he walked off.

[9] Weatherspoon's argument is merely an invitation for this Court to reassess the credibility of the witnesses. It is within the factfinder's province to judge the credibility of the witnesses. *Brasher v. State*, 746 N.E.2d 71 (Ind. 2001). In doing so, the trier of fact is entitled to determine which version of the incident to credit. *Schmid v. State*, 804 N.E.2d 174 (Ind. Ct. App. 2004), *trans. denied*. Further, "[a] conviction may be sustained on the uncorroborated testimony of a single witness or victim." *Baltimore v. State*, 878 N.E.2d 253, 258 (Ind. Ct. App. 2007), *trans. denied*. Here, Matthews testified unequivocally that Weatherspoon punched her in the face. In addition, the responding officer testified that he had observed redness on Matthews' face and marks on her wrists within minutes of receiving the call. After hearing all the evidence, the trial court specifically

stated that it did not find Weatherspoon's testimony credible but that it found the officer's and Matthews' testimony credible. We decline Weatherspoon's invitation to invade the province of the factfinder.

[10] The State presented sufficient evidence to sustain Weatherspoon's conviction of battery beyond a reasonable doubt.

[11] Judgment affirmed.

Baker, J., and Pyle, J., concur.