# MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Nov 27 2019, 8:45 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Jennifer D. Wilson Reagan
Wilson & Wilson
Greenwood, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Benjamin J. Shoptaw
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Alfredo Ortiz, <br> *Appellant-Defendant,* <br><br> v. <br><br> State of Indiana, <br> *Appellee-Plaintiff.* | November 27, 2019 <br><br> Court of Appeals Case No. <br> 19A-CR-656 <br><br> Appeal from the Johnson Superior Court <br><br> The Honorable Lance D. Hamner, Judge <br><br> Trial Court Cause No. <br> 41D03-1811-CM-970 |

**Darden, Senior Judge.**

# Statement of the Case

[1] Alfredo Ortiz appeals his conviction of domestic battery, a Class A misdemeanor. Ind. Code § 35-42-2-1.3(a)(1) (2016). We affirm.

# Issue

[2] Ortiz presents one issue for our review, which we restate as: whether there was sufficient evidence to support Ortiz's conviction of domestic battery.

# Facts and Procedural History

[3] Ortiz had agreed to meet his estranged wife, Kanesha Young, at Walmart on November 18, 2018, so that he could give her a crib mattress for one of their children. On that date, Young was driven to Walmart by her friend, Connie Fox. When Ortiz failed to arrive at Walmart as planned, Fox drove Young to Ortiz's house. Ortiz was not home when they arrived, so they waited for him to return. When Ortiz arrived, he was upset that Young was at his house and not at Walmart as agreed. He and Young immediately started arguing. At trial, Young testified that the verbal altercation turned into a physical altercation in which Ortiz choked Young with one hand, causing her discomfort and pain. She also testified that Ortiz struck her on the side of her face with a closed fist.

[4] Meanwhile, Fox, who had remained in her car, testified that she could hear Ortiz and Young yelling at each other, but she did not know what they were saying because they were speaking Spanish. Fox further testified that she heard

what sounded like a slap, but it was dark outside, and she was looking at her phone so she was unable to determine what had caused the sound. At that point, Young or Fox called the police, and Ortiz was arrested.

[5] A bench trial was held on February 5, 2019, at which the State introduced photos taken on the night of the altercation showing a scratch on Young's wrist and a bruise on her neck/collar bone area. Ortiz testified on his own behalf that Young hit him and pushed him that night. In addition, he testified that he did not touch Young but merely put his hands over his own face. Officer Harris, one of the responding officers, testified that he saw no signs of an injury on Ortiz. Ortiz was found guilty as charged and was sentenced to 206 days executed, with credit for 103 days. This appeal ensued.

## Discussion and Decision

[6] Ortiz contends there is insufficient evidence to support his conviction. When we review a challenge to the sufficiency of the evidence, we neither reweigh the evidence nor judge the credibility of the witnesses. *Sandleben v. State*, 29 N.E.3d 126, 131 (Ind. Ct. App. 2015), *trans. denied*. Instead, we consider only the evidence most favorable to the judgment and any reasonable inferences drawn therefrom. *Id.* If there is substantial evidence of probative value from which a reasonable factfinder could have found the defendant guilty beyond a reasonable doubt, the judgment will not be disturbed. *Labarr v. State*, 36 N.E.3d 501, 502 (Ind. Ct. App. 2015).

[7]     Ortiz was charged under Indiana Code section 35-42-2-1.3(a)(1), which provides that a person who knowingly or intentionally touches a family or household member in a rude, insolent, or angry manner commits domestic battery. In challenging only the touching element of his charge, Ortiz asserts that his conviction cannot stand because it "relies on a single witness['s] testimony, specifically that of Young," and that "Young's testimony is improbable, uncorroborated and equivocal." Appellant's Br. p. 7.

[8]     We first note that a conviction may be sustained by the uncorroborated testimony of a victim. *Baltimore v. State*, 878 N.E.2d 253, 258 (Ind. Ct. App. 2007), *trans. denied*. Further, appellate courts may apply the incredible dubiosity rule to impinge upon a factfinder's function to judge the credibility of a witness when confronted with inherently improbable testimony or coerced, equivocal, wholly uncorroborated testimony of incredible dubiosity. *Whatley v. State*, 908 N.E.2d 276, 282 (Ind. Ct. App. 2009), *trans. denied*. Application of this rule is rare and is limited to cases where a single witness presents inherently contradictory testimony which is equivocal or the result of coercion and there is a complete lack of circumstantial evidence of guilt. *Id.* In using this rule, the standard to be applied is whether the testimony is so incredibly dubious or inherently improbable that no reasonable person could believe it. *Fancher v. State*, 918 N.E.2d 16, 22 (Ind. Ct. App. 2009).

[9]     At trial, Young testified unequivocally that during the altercation, when she was pushing an aggressive Ortiz off of her, Ortiz put one of his hands around her throat and choked her, causing her pain and discomfort. In addition,

Young unambiguously testified that Ortiz struck her on the side of her face with a closed fist. Furthermore, Fox testified she heard what she described as a slap.

[10] Ortiz claims that Young's testimony is incredibly dubious because the photograph of Young's wrist does not support her version of the events that Ortiz hit her and choked her. First, it is not improbable that Young could have easily received a scratch on her wrist during her struggle with Ortiz; she testified that she was pushing Ortiz off of her. Moreover, simply because she was scratched on her wrist does not negate the fact that she was also choked and hit with a closed fist; the actions are not mutually exclusive. Thus, contrary to Ortiz's argument, the photograph of Young's wrist does not render her testimony inherently improbable, coerced, or equivocal.

[11] Without any supporting argument, Ortiz also notes that the State did not introduce photographic evidence to support Young's claim that Ortiz hit her on the side of her face with a closed fist. However, photographic evidence is not required. As we stated previously, a conviction may be sustained by the uncorroborated testimony of a victim. *Baltimore*, 878 N.E.2d at 258. Moreover, Young testified that her wrist and neck were the areas where she had pain at the time she spoke with the officers. In addition, we cannot overlook the testimony of Fox that she heard what she described as being the sound of a slap during the altercation.

[12] Ortiz further asserts that Young's testimony is incredibly dubious because the photograph of her neck/collar bone area shows an injury in a different location

on her body from where she testified to having been touched. In support of this argument, Ortiz states that Young testified that he put his hand around her "throat," yet the photo depicts a small bruise approximately one and one-half inches below her "neck." Tr. Vol. 2, p. 7; Appellant's Br. p. 10. First, we note that Young actually testified that Ortiz was "choking" her. Tr. Vol. 2, p. 6. "Throat" was counsel's word choice in describing for the record the action Young was demonstrating when asked what Ortiz did to her. *Id.* at 7. Ortiz is attempting to create an argument on mere semantics using, not Young's actual testimony, but the words of her counsel. Young's testimony cannot be found to be incredibly dubious based on statements that were not hers. Furthermore, Young testified that Ortiz used one hand to choke her. She was not asked to state with exact specificity the area where he placed his hand, and it is certainly not improbable that a bruise in the general area of one's neck/collar bone could be caused by being choked. The photo of a bruise on Young's lower neck/collar bone area does not render her testimony inherently improbable or equivocal.

[13] Next, Ortiz avers that Young's recent conviction of felony auto theft, evidence of which was introduced at trial, causes her testimony to be incredibly dubious. In addition, he claims that Young was motivated to present an improbable story to benefit herself in any divorce proceedings, thus causing her testimony to be incredibly dubious. Neither Young's conviction nor her separation from her husband make her trial testimony inherently contradictory or equivocal; rather, the fact of her conviction and any motivation to fabricate a story go to her

credibility, which we are not to evaluate on appeal. It is within the factfinder's province to judge the credibility of the witnesses. *Brasher v. State*, 746 N.E.2d 71, 73 (Ind. 2001). In doing so, the trier of fact is entitled to determine which version of the incident to credit. *Schmid v. State*, 804 N.E.2d 174, 179 (Ind. Ct. App. 2004), *trans. denied*. Here, the trial court heard the evidence, including that of Young's conviction and separation, and found her version of the altercation to be credible. We will not and cannot disturb the trial court's credibility determination.

[14] Ortiz also argues that Young's testimony is incredibly dubious because there is a lack of circumstantial evidence. A lack of circumstantial evidence does not cause a witness's testimony to be incredibly dubious; rather, a witness's testimony may be found to be incredibly dubious when he or she presents inherently contradictory testimony which is equivocal or the result of coercion *and* there is a complete lack of circumstantial evidence of guilt. Here, it has not been shown that Young's testimony was inherently contradictory, equivocal, or the result of coercion. The State presented direct evidence, in the form of Young's testimony, that Ortiz choked her and hit her on the side of her face with a closed fist; no circumstantial evidence was needed. A conviction may be sustained by the uncorroborated testimony of a victim, *Baltimore*, 878 N.E.2d at 258.

[15] Ortiz has failed to demonstrate that Young's testimony is so incredibly dubious or inherently improbable that no reasonable person could believe it. His argument is merely an invitation for this Court to invade the province of the

trier of fact by reweighing the evidence and reassessing witness credibility. We decline the invitation.

# Conclusion

[16] For the reasons stated, we conclude there was sufficient evidence to support Ortiz's conviction of domestic battery.

[17] Affirmed.

Vaidik, C.J., and Riley, J., concur.