## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Sep 16 2020, 8:14 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Steven R. Knecht
Vonderheide & Knecht, P.C.
Lafayette, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Tina L. Mann
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Yapree White,
*Appellant-Defendant,*

v.

State of Indiana,
*Appellee-Plaintiff.*

September 16, 2020

Court of Appeals Case No.
20A-CR-927

Appeal from the Tippecanoe
Circuit Court

The Honorable Sean M. Persin,
Judge

Trial Court Cause No.
79C01-1905-F3-20

**Bradford, Chief Judge.**

# Case Summary

[1] Yapree White sold heroin to an undercover officer on four different occasions. He subsequently pled guilty to three counts of Level 5 felony dealing in a narcotic drug and was found guilty of one count of Level 3 felony dealing in a narcotic drug. On appeal, White contends that the evidence is insufficient to sustain his Level 3 felony conviction. We affirm.

# Facts and Procedural History

[2] White sold heroin to Lafayette Police Sergeant Brad Curwick on February 5, February 18, and March 6, 2019. On April 3, 2019, Sergeant Curwick again arranged to purchase heroin from White. In order to complete the transaction, Sergeant Curwick and White agreed to meet at the Tippecanoe Mall. After arriving at the mall, Sergeant Curwick called White, who directed him to park between two red cars outside of the Old Navy store. Sergeant Curwick located White in a white Ford Explorer that was parked a few spaces from where White had instructed him to park.

[3] As Sergeant Curwick approached the Ford Explorer, he observed "one or two people sitting in the back" of the vehicle. Tr. Vol. II p. 26. Sergeant Curwick "walked along the passenger side and noted that the passenger window was down and was able to look inside the vehicle and see [White] sitting in the back seat behind the driver's seat." Tr. Vol. II p. 27. Sergeant Curwick "got in the front passenger seat," turned toward White, and handed White $210.00. Tr.

Vol. II p. 27.  As Sergeant Curwick turned to hand White the money, he observed "a small child, approximately … two to three years old, female, sitting in a car seat" next to White.  Tr. Vol. II p. 28.  The child "was awake and alert" at the time.  Tr. Vol. II p. 28.  After White took the money, he "handed [Sergeant Curwick] four knotted plastic corner bags," each containing heroin.  Tr. Vol. II p. 27.

[4]     On May 13, 2019, the State charged White with three counts of Level 5 felony dealing in a narcotic drug, three counts of Level 6 felony possession of a narcotic drug, one count of Level 3 felony dealing in a narcotic drug, and one count of Level 5 felony possession of a narcotic drug.  Prior to trial, White pled guilty to the three Level 5 felony dealing charges and the State dismissed the three Level 6 felony possession charges.  The matter proceeded to trial on the remaining charges.

[5]     Following a bench trial, the trial court found White guilty of the remaining charges.  The trial court entered a judgment of conviction on the three Level 5 felony-dealing charges and the Level 3 felony dealing charge, but not on the Level 5 felony possession charge "due to double jeopardy concerns." Appellant's App. Vol. II p. 56.  On March 13, 2020, the trial court imposed an aggregate sentence of ten years of incarceration, with one year suspended to probation.

# Discussion and Decision

[6]    White contends that the State produced insufficient evidence to sustain his conviction for Level 3 felony dealing in a narcotic drug.

> When reviewing the sufficiency of the evidence to support a conviction, appellate courts must consider only the probative evidence and reasonable inferences supporting the verdict. It is the fact-finder's role, not that of appellate courts, to assess witness credibility and weigh the evidence to determine whether it is sufficient to support a conviction. To preserve this structure, when appellate courts are confronted with conflicting evidence, they must consider it most favorably to the trial court's ruling. Appellate courts affirm the conviction unless no reasonable fact-finder could find the elements of the crime proven beyond a reasonable doubt. It is therefore not necessary that the evidence overcome every reasonable hypothesis of innocence. The evidence is sufficient if an inference may reasonably be drawn from it to support the verdict.

*Drane v. State*, 867 N.E.2d 144, 146–47 (Ind. 2007) (citations, emphasis, and quotations omitted).

[7]    In order to convict White of Level 3 felony dealing in a narcotic drug, the State was required to prove that White knowingly or intentionally delivered heroin and "(A) the amount of heroin involved, aggregated over a period of not more than ninety (90) days, is at least three (3) grams but less than seven (7) grams; and (B) an enhancing circumstance applies." Ind. Code § 35-48-4-1(a) & (d)(4). Indiana Code section 35-48-1-16.5(6) provides that an enhancing circumstances includes committing the offense "in the physical presence of a child less than eighteen (18) years of age, knowing that the child was present and might be able

to see or hear the offense."  White does not challenge the sufficiency of the evidence to prove that he delivered heroin to Sergeant Curwick.  He argues only that the State failed to prove that the crime occurred in the physical presence of a child.

[8]     During trial, Sergeant Curwick testified that as he turned around to exchange the money and drugs with White, he observed "a small child, approximately … two to three years old, female, sitting in a car seat" next to White.  Tr. Vol. II p. 28.  The child "was awake and alert."  Tr. Vol. II p. 28.  Sergeant Curwick's testimony is sufficient to prove that White committed the crime of dealing in the physical presence of a child.  *See Brasher v. State*, 746 N.E.2d 71, 72 (Ind. 2001) ("It is well established that the testimony of a single eye witness is sufficient to sustain a conviction.").  White's challenge to the sufficiency of the evidence amounts to nothing more than a request to assess Sergeant Curwick's credibility and reweigh the evidence, which we will not do.  *See Stewart v. State*, 768 N.E.2d 433, 435 (Ind. 2002) ("We do not reweigh the evidence or assess the credibility of witnesses.").

[9]     The judgment of the trial court is affirmed.

Najam, J., and Mathias, J., concur.